*276
 
 Nash, C. J.
 

 In
 
 Frost
 
 v.
 
 Reynolds,
 
 4 Ire. Eq. 494, it was decided that the interest of a vendee of land where the contract rests in articles of conveyance is not the subject of sale under execution while the purchase money
 
 or any part of it
 
 remains unpaid ; and where a sale does take place of such interest, the purchaser gains no title, nor any right which can enable him to call for a conveyance to his own use. This decision was made in-1847, and the bill in this case was filed in April, 1852. It alleges that the defendant, Carrell, was the owner of a lot in the town of Shelby, in Cleaveland county, which he agreed to sell to the defendants, A. J. Hardin and Joseph Hardin, at a price between eight and nine hundred dollars ; and to secure the payment thereof, the Hardins executed to Carrell their joint bond, and Carrell executed and delivered to them his bond to make a good and sufficient title to tlie lot, when the purchase money was paid. The bill states that the Hardins paid to Carrell two hundred and ten dollars upon their bond, and that the plaintiff, at May Term, 1849, of Cleaveland Superior Court, obtained a judgment against A. J. Hardin, and that the execution,-by his direction, was levied on the interest of said Hardin in said lot, and at the sale he became the purchaser. The interests of the other defendants are shown by the bill, which prays an acconnt and conveyance of one-half of the lot. ■
 

 At the time when the plaintiff’s execution was levied, and the sale made, A. J. Hardin had no such interest in the lot as was subject to an execution, and the plaintiff, by his purchase, acquired no right to call for a conveyance of the legal title to himself.- The Hardins only held upon Carrell a bond to make them a title when they paid up the purchase money : but a small part of it had been paid at the time of the sale. In the case of
 
 Reynolds,
 
 the Court say there has been no instance in which this interest was held saleable under the Act o( 1812, either as a trust or an equity of redemption ; nor any principle laid down from which it can be adduced. 'It is unnecessary to repeat here the reasons which governed their decision in that case, we entirety concur in them ; and unless we were disposed to overrule that decision, which we are not, it governs and controls this case.
 

 Pee. CuRiam. Bill dismissed with costs.